CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 14 2017
JULIA C. DUDLEY, CLERK
BY: HMcDiag
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. OWLFEATHER GORBEY, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAKER, et al., ) <br> Defendants. ) | Civil Action No. 7:17-cv-00051 <br><br> MEMORANDUM OPINION <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Michael S. Owlfeather-Gorbey[1], a federal inmate proceeding pro se, commenced this civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), by February 9, 2017.[2] Upon review of court records, it appears Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before filing this action. See Owlfeather-Gorbey v. Jackson, et al., No. 2:16-cv-00551, slip op. at 4 (E.D. Va. Sept. 22, 2016) (dismissed for failing to state a claim); Gorbey v. The State of Virginia, et al., No. 2:11-cv-00164, slip op. at 4 (E.D. Va. Mar. 17, 2011) (dismissed for failing to state a claim); Gorbey v. United States, et al., No. 2:08-cv-00121, slip op. at 3-4 (N.D. W. Va. July 7, 2010) (dismissed for failing to state a claim); see, e.g., Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives, et al., No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012) (M.J., Seibert) (listing 25 cases that qualify as strikes); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

---

[1] Plaintiff's other moniker is Michael Steven Gorbey.
[2] This date is when the court received the complaint. Neither the complaint nor its envelope bears a date or postmark.

After reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). See, e.g., Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (noting the prisoner must be seeking relief from and demonstrate a danger that is imminent at the time of filing the complaint).

Plaintiff's repeated reliance on the phrase "imminent danger" is an invocation of a label and conclusion that is not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff may not rely on vague, speculative, or conclusory allegations to invoke "imminent danger," but instead, he must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006).

Furthermore, Plaintiff repeatedly discusses past harms that are no longer "immediate" problems. For example, Plaintiff alleges that defendant Officer Brenner-Barnnet threatened him and kept him awake all night on January 29, 2016; staff tried to have Plaintiff killed or assaulted in July and August 2016; staff ordered Plaintiff back into an "unsafe" compound or general population setting in August and September 2016; staff made him wear paper clothes in a cold cell in November 2016; staff did not give him shoes while his cell flooded from an overflowing toilet in August 2016; and staff announced his protective custody status at different times in 2016. Plaintiff's belief that the announcements "could cause" him to be assaulted "years down the road" does not demonstrate an imminent threat. Moreover, his allegations establish that he refused to return to the "unsafe compound" or "general population" and is housed in protective custody.

Accordingly, I dismiss the action without prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis

provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

**ENTER**: This 14th day of February, 2017.

*[signature]*
Senior United States District Judge